Peleger, J.
On error from the probate court.
These are two- proceedings in error brought by J. M. Ferguson et al against Amor Smith, Jr., et al, to reverse an order of the probarte court removing the original administrator and appointing a successor, 'and an order to sell real estate to pay debts.
The plaintiffs in error claim that these orders, made three years prior thereto, were determined by the court without jurisdiction, and tha/t although this action is a direct proceeding, they can attack the same collaterally. They also insist that there was error in the court below in confirming the sale made under such prior order of sale. Not only is error claimed in the action taken by the lower court, but want of jurisdiction is pleaded in making the journal entries.
Jurisdiction does not depend upon the regularity of the exercise of that power nor upon the rightfubress of the decision made. The authority to decide a case at 'all and under the decision rendered therein is what makes tip jurisdiction. When there is jurisdiction of the parties, the subject matter, the res (the property involved) and there is authority of the court to enter the judgment in the particular case, which it assumes to make, the wrongful exercise of that jurisdiction does not affect the jurisdiction itself, but the regularity of the proceedings. Irregularity can only be questioned in a direct attack by proeedings in error. If the constituent elements of jurisdiction above recited are not all present, then the action taken by the court is absolutely void and is a mere nullity, and consent or 'acquiescence (except when it is confined to a question affecting the person) will not validate or give life to such void proceedings. A void proceeding can, of course, be attacked collaterally. The plaintiffs in error have a standing in court to set aside either an ap *551 pointment or a sale made without jurisdiction, and if the action taken by the court below was made with full jurisdiction, they may directly attack the same in this proceeding, if they have proceeded formally. These questions are elementary, requiring no citation of authority. It may be uncertain at times to determine the class within which the particular defect complained of falls, but we have no such difficulty in the case at bar.
Within the sphere of the subject matters given to the probate court by the Legislature, it is a court of record having a general and unlimited jurisdiction; its records import absolute verity, and it is not required that its orders and decrees should show upon their face facts and evidence indicating such jurisdiction. Sawyer v. Richmond, 16 O. S., 456; Railroad v. Village of Belle Centre, 48 O. S., 273.
The right or authority to make the entry removing J. M. Ferguson and appointing Amor Smith, Jr., and the order to sell, therefore, are questioned, because the first does not affirmatively show upon what ground Ferguson was removed, as required by Section 6017, Revised Statutes, nor that Smith was appointed, because he was either a creditor or relative, under Section 6005 (which specifies the order in which said persons are entitled in the first instance to administer estates), or under Section 6018 authorizing the appointment of a suitable person as the successor. The same point is made in the second case, where the court, on motion made ten years thereafter, declined to set aside the order of sale, because such order omitted any reference to evidence having been offered to justify a sale to pay debts.
If has been shown that the probate, court is a court of record and of general jurisdiction; and that an affirmative finding of such facts to indicate jurisdiction is notessential.
It is insisted that these facts are erroneous if done with full jurisdiction. There are no jurisdictional facts claimed, affecting the removal of the first administrator nor the appointment of his successor de honis non. It is argued that the latter did not comply with Section 6005 in giving a full statement of the value and nature of the estate, and that said successor made *552 contradictory statements as to the intestacy of the estate. Conceding, for the sake of argument, the necessity for so doing, I fail to recognize these as jurisdictional acts. There was a substantial compliance with Section 6005, in that some information was given and a reference made to the former statement signed by the original administrator. Ain erroneous recital therein could in no event prejudice the appointment. Schumacher v. McCallip, 69 O. S., 500, denied the right of trust companies to act as administrators, because they could not verify an affidavit of the testacy or intestacy of the deceased. This decision, however, rested mainly on the ground that trust companies had not capacity to act as administratox's, and that the law granting them such power was unconstitutional. It recognized the necessity of the administrator furnishing such a statement, but did mot determine the effect of a failure so* to do. In Carr v. Hull, 65 O. S., 394, our Supx'eme Court held, in a ease by direct attack, as irregular, a proceeding to sell to pay debts, on a showing that there were no debts of the estate except the costs of administration. These cases do not support the argument of plaintiff’s counsel on jurisdictional facts. On the contrary, the last case cited, as appears froxn the opinion on page 396, distinctly holds that a removal made under Section 6005, without showing assets to the amount of $100 as required by law, and the appointment of a successor under Section 6018, for failure to state that there were no assets and that there were debts, wex'e questions which could not be'attacked in a collateral proceeding. Had these been oonsidei-ed jurisdictional facts they could have 'been attacked in a collateral proceeding to sell' to pay debts.
Taking the alternative of the proposition, that these are irregularities for which error would lie, what is the situation? Plaintiffs in error say that this is a direct attack, as it is brought in the same proceeding. This is true, but the exceptions are not taken within time. The removal of Ferguson and the appointment of Smith were made in 1900. The original order of sale in the second case was' made in 1903. No exceptions were taken at the time to either of these orders of court. Indeed, the *553 record shows that these petitioners consented to all of these steps. If this, were not a sufficient estoppel, they insist that they can, three years after such removal and appointment, and ■ten years after the original order to sell, and without a bill of exceptions taken within the time required by the statutes, set asilde such proceedings, merely because exceptions were taken-in the same case. It is insisted that this can be done because the entries in such case do not affirmatively show that the decision was had after a hearing of evidence, and that the record being silent, it follows that no evidence was heard, and, therefore, no bill of exceptions is required. It is unnecessary, from what has been stated heretofore, to reiterate that such a finding is not essential, and to cite authority for holding that this court can not set aside the actions of the probate court without a record indicating the basis of that court’s determination.
If, however, a bill of exceptions were now before the court, the proceedings in error to remove the first administrator can not form the basis of a review in this court. Monger v. Jeffras, 62 O. S., 149; Schumacher v. McCallip, supra.
There has been no change in this respect in legislation. There ■was a law passed in 1902 (95 O. L., 406), permitting appeals from the removal of administrators, but none, so far as the court can find, relating to proceedings in error.
The court sees no necessity, therefore, for examining authorities to sustain the acts of Smith as administrator de bonis non, on the theory that he was nevertheless a de facto officer.
There is but one exception which was taken in time. This was to the confirmation of a sale to a purchaser, made in 1903, under the old order of sale. It appears from the record that in seeking to vacate a sale of a large tract of land adjoining the city, there were seven appraisements and fourteen different offerings before the property was disposed of. The costs ■amounted to over $5,000, and the assessments to over $6,000. As has heretofore been stated, the petitioners raised no objection to what took place in those ten years, until the final entry was made disposing of the property to the present purchaser. It is asserted that no good faith has been shown by them. The *554 objection- to the sale is that after the court -had ordered the property subdivided into- three parcels, and it was separately appraised, it made -a subsequent -order fixing an upset price (which was two-thirds -of -the last appraisement) without revoking the former decree, -an-d that as both stood, the appraisements and sales thereunder were improper an-d irregular. Brown v. Insurance Company, 6 C. C., 65, is cited. In that case the court stated that a party litigant is not -entitled to have two appraisements of the- property made at the same time. I fail to see the application of the authority, or, indeed, any merit in this contention. The sale realized mor-e than two-thirds of the last appraisement and more than the up-set price fixed by the court. There was no real inconsistency in the two orders, and in no respect can there be any possible prejudice if it were an irregularity. Indeed, it is not so conceded by counsel making the objection-.
John B. Von Seggern, for plaintiffs in error.
Jesse Bowman, contra.'
There is, therefore, no error -apparent of record in either o-f the two cases.
Th-e judgment of the lower -oo-u-rts is affirmed, with costs against the plaintiffs in error.